IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JUMANNE O. COLEMAN | § | |
| VS. | § | CIVIL ACTION NO. 9:22-cv-181 |
| NACOGDOCHES COUNTY | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jumanne O. Coleman, an inmate confined at the Byrd Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Nacogdoches County.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff seeks monetary damages in the amount of $5,000,000.00 and dismissal of the charges against him as relief for his alleged unlawful pre-trial detention in Nacogdoches County. Plaintiff claims he was denied the right to counsel and was denied due process. Additionally, Plaintiff claims he was subjected to excessive bail which had been predetermined.

Standard of Review

An in forma pauperis proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061

(5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton*, 504 U.S. at 33. Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios. A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible. Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

Analysis

*Challenges to Conviction or Confinement*

Plaintiff brings this action against Nacogdoches County seeking monetary damages in the amount of $5,000,000.00 for his alleged unlawful pre-trial detention in Nacogdoches County. A review of the Petition, however, reveals Petitioner was confined in the Texas Department of Criminal Justice, Correctional Institutions Division at the time he filed this action. Thus, Petitioner is no longer a pre-trial detainee but has been convicted and transferred to the Texas Department of Criminal Justice, Correctional Institutions Division.

In order to recover damages for alleged unconstitutional convictions or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Plaintiff must prove that the imprisonment or its duration has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008). A claim for damages based on a conviction or sentence that has not been so invalidated does not state a cause of action. The principle that civil tort actions are not appropriate vehicles for challenging actions relating to the validity of confinement applies to lawsuits that necessarily require the plaintiff to prove the unlawfulness of the fact or duration of his confinement. *Id*. at 487.

As a result, when a prisoner seeks damages in a civil rights lawsuit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the duration of the plaintiff's confinement. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the proceeding relating to his confinement has already been invalidated. *Id.* If, however, the court determines that the plaintiff's action, even if successful, would not demonstrate the invalidity of the plaintiff's confinement, the action should be allowed to proceed, in the absence of any other bar to the suit. *Id*.

If Plaintiff were to prevail in this lawsuit, such a result would imply the invalidity of Plaintiff's conviction. Accordingly, Plaintiff would be entitled to proceed with this claim only if the *Heck* requirements regarding a prior finding as to the invalidity of the conviction were satisfied. *Id.* at 489; *Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006). Plaintiff, however, has failed to allege or demonstrate that the *Heck* requirements have been satisfied with respect to the conviction; thus, *Heck* bars him from proceeding with this claim. Therefore, Plaintiff's claims should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

*Nature of Action*

As part of his relief, Plaintiff also seeks the dismissal of the charges against him. The writ of habeas corpus is the appropriate federal remedy for a prisoner challenging the fact of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A civil rights action, on the other hand, is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987). A Petition for Writ of Habeas Corpus permits a plaintiff to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper vehicle to challenge unconstitutional conditions of confinement and prison procedures. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the "fact or duration" of his confinement or merely the rules, customs, and procedures affecting "conditions" of confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).

Here, Plaintiff's claims challenge the validity of his conviction and confinement. Such claims do not challenge the conditions of Plaintiff's confinement. Accordingly, Plaintiff's claims do not serve as a basis for a complaint under 42 U.S.C. § 1983, but rather form the basis for a Petition for Writ of Habeas Corpus. *See Carson v. Johnson,* 112 F.3d 818, 820-21 (5th Cir.1997); *Johnson v. Pfeiffer*, 821 F.2d at 1123. Ordinarily, the court would consider severing the claims to proceed as a separate civil action. In this case, however, it appears Plaintiff has not exhausted

available state habeas remedies prior to filing this action. Therefore, Plaintiff's claims seeking to invalidate his conviction should be dismissed without prejudice to his ability to pursue his claims in a separate habeas action.

## Recommendation

Plaintiff's Complaint should be dismissed as frivolous and for failing to state a claim upon which relief may be granted. The dismissal should be without prejudice to Plaintiff's ability to pursue habeas corpus remedies.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 3rd day of November, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE